Mr. Justice Hagkner
delivered the opinion of the-court:
In December, 1876, an action was commenced by the plaintiff, as landlord, before a justice of the peace to obtain possession of real estate from Henry H. and Lewis C. Tallmadge, tenants holding over. In January, 1877, before the decision of the justice, the tenants obtained a writ of certiorari, and the proceedings in this way were removed to the Circuit Court. In that court the plaintiff moved to quash the writ •of certiorari, and after the argument of the motion had proceeded to some extent, the presiding justice, on the 3d of March, 1877, certified the motion to be heard by the General Term in the first instance. When this had been done the plaintiff suggested that its effect will be injurious to its interest, “since it would allow the tenants to remain in possession of the property until the decision by the General Term without any security for the payment of the rent; ” and the presiding justice, on application of the plaintiff, re-qnired the tenants to give bond to secure the plaintiff against such loss. The tenants, with the defendant Hosmer as surety, fhereupon executed an undertaking in the following words :
*299 “ In the Supreme Court of the District of Columbia.
“The Charter Oak Life Insurance Co. vs. Henry H. & Lewis C. Tallmadge.
“ On motion to quash Writ of Certiorari.
“ Whereas the motion to quash the writ of certiorari in this ease was ordered by the court at special term to be certified for hearing in the General Term of this court, and the ■defendants were ordered to give security for the payment, ■of the intervening rents of the premises mentioned in the. proceedings in the cause, and such damage as the plaintiff may sustain by the delay in the hearing of said motion by reason of its being so certified, in case it shall be decided by the court in General Term to sustain said motion. Now, therefore, we, the said Henry H. Tallmadge, Lewis C. Tallmadge and A. A. Hosmer, do hereby undertake and agree to pay unto the plaintiff, the Charter Oak Life Insurance Company, all intervening rents of said premises and all damages which it may sustain by reason of the delay in so certifying said motion to quash the writ of certiorari to the General Term in case said motiou shall be sustained and the said writ-quashed ; but in case the court in General Term shall overrule said motion then-this obligation shall be void.
“Witness our hands this 3d day of March, 1877.
“Henry H. Tallmadge.
“Lewis C. Tallmadge.
“ A. A. Hosmer.”
The case was heard in the General Term, and the motion to quash was sustained on the 7th of January, 1878, and the plaintiff afterwards obtained possession of its property.
The present action is brought against the tenants and the defendant Hosmer, upon the undertaking above set forth to recover the amount of rent alleged to have been lost between the 3d day of March, 1877, and the 7th of January, 1878. The tenants were not summoned, and the present proceeding is against the defendant alone as surety on the undertaking.
*300 The declaration contains two special counts ; one setting forth the undertaking at length, and the other alleging its’ purport, and claiming for the breach of the promise to make good the damages sustained by the plaintiff from the 'delay incident to the certifying of the case to the General Term; it also contained the usual money co,unts. The defendant Iiosmer demurred to the 1st and 2d counts ; there was joinder in demurrer, and the case in this form w'as also certified to the General Term, and is heard now in the first instance.
The right to recover in the action is denied by the defendant, upon the ground that the court below had no power to require the execution of such an undertaking, and therefore that no action can be sustained against the defendant upon it.
In our opinion the point is well taken.
It is admitted that there -was no statutory provision authorizing the court to require security to be given where a case is certified to the Special Term in the -first-instance. The court below in making such certificate acts solely upon its own discretion, irrespective of the wishes'of the parties litigant. The justice may certify the case to the General Term, if he sees fit, against the remonstrance of all parties, or he may refuse to make such certificate, though all the parties unite in asking it. There is no guide for his action in the premises, except his own sense of judicial propriety. We see no more warrant for the requirement of a bond to cover any losses that may result from delay in the hearing where a case is so certified, than where a ease is simply continued from one day in the term to another, or from one term to another. It does not necessarily follow that any delay will result from certifying the case to the General Term. It may well be that the decision may be hastened by such certificate. In this case the plaintiff gained the case in the General Term ; and he probably obtained a final decision in his favor more promptly than he would have done if the court below had decided the case, and it had been brought to the General Term on appeal.
*301 The authorities cited by the plaintiff’s attorneys as to the obligation, as voluntary undertakings, of bonds informal for want of compliance with statutory requirements, have no application to this case. This is not a bond under seal, but is an undertaking in parol, exacted, as we have seen, without any statutory authority, or any general rule of fhe court to support it. The defendant, therefore, as surety, is not estopped to set up the want of consideration for the contract alleged in the declaration. There is no privity between himself and the plaintiff, and the declaration does not show upon its face a consideration legally sufficient to support a contract between the defendant and the plaintiff. That such an allegation should appear on the face of the declaration is a well-known rule of pleading. 1 Chitty, 293.
The act of the judge below in certifying the case did not constitute any consideration as against the defendant, who was a mere surety, and not originally in any manner indebted to the plaintiff', and who could not possibly be benefited or injured by the action of the justice in the premises. The provision of the Revised Statutes of the District of Columbia, section 800, is silent as to any power to exact an undertaking or bond, where the judge in his discretion sees fit to certify the case.
This section is the whole origin and foundation- of the power to make such certificate ; and as the court has no common law jurisdiction in the matter, it cannot, under the exercise of an implied power, require the execution of such an undertaking from either party when it sees fit to make such certificate of its own motion. 1 Black,, 374, Rice vs. Railroad.
The undertaking seems to have been framed under rule 91 of this court. But it is obvious on its face that the rule only applies to appeals, and cannot be extended to embrace a certified case ; and it has been decided by the General Term in Bryan vs. Sanderson, 3 MacArthur, 404, that under this rule, a bond is only required where the appeal is to operate as a supersedeas. But if this were a bond under seal, it is doubtful whether it would have been good against *302 the defendant. See Tabor vs. United States; 1 Story’s Reports, 5, Greathouse vs. Dunlap; 3 McLean, 30, Benedict vs. Bray 2 California, 225.
The ruling in Motter vs. Primrose, 23 Md., 484, approaches, more nearly to the question before us than any case we have seen. There the lower court ordered a mandamus to issue-against the defendants, commanding them as a board of' managers to hold an election at a designated time. The defendants appealed from this judgment, as they were-authorized to do by the Maryland law, which expressly declared that appeals in mandamus cases should be heard in preference to others in the court of appeals; and with the view that the appeal should operate as a supersedeas, they applied., to the court to fix the penalty of the appeal bond they proposed to give. This the court below refused to do, upon the ground that the general law referring to the subject did not specially authorize an appeal bond to' be given in mandamus-cases. This decision wras affirmed by the court of appeals,, which held that no jurisdiction was committed to the circuit courts to require or approve a bond in mandamus cases,, in the absence of an express provision of law.-
It may well be that the. result of certifying the motion to • quash to the General Term has proved hurtful to the plaintiff, and that it might be reimbursed for its losses if this court could enforce a recovery upon the undertaking improvised', by the court below. But since we are unable to find any authority in the court to require the undertaking, we must hold that there can be no recovery as against the defendant;. and the demurrer is sustained.